# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STEPHANIE SPROUSE,**
**Claimant Below, Petitioner**

**vs.)   No. 22-ICA-89**     (BOR Appeal No.: 2058150)
                              (JCN: 2016022493)

**DUNHAM'S ATHLEISURE CORP.,**
**Employer Below, Respondent**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephanie Sprouse appeals the August 10, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Dunham's Athleisure Corp. filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the March 15, 2022, order of the Workers' Compensation Office of Judges ("OOJ") which upheld the claim administrator's denial of authorization for a carpal tunnel wrist brace/splint, MRI of the cervical spine, orthopedic referral, and physical therapy.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Sprouse, then a sales manager for Dunham's Athleisure, was injured on February 28, 2016, when she was moving displays on the sales floor of a retail store. The brackets holding a mirror in place failed, allowing the mirror to swing around and strike her from behind, hitting her head, neck, right shoulder, and right side of her back, and causing her to fall to the ground. She completed her work shift and sought medical treatment on March 3, 2016, at Camden Clark Medical Center in Parkersburg, West Virginia, for right neck and shoulder pain. X-rays of her cervical spine showed no acute fractures. A loss of cervical lordosis secondary to spasm was noted. Ms. Sprouse was given

---

[1] Petitioner is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Respondent is represented by Jane Ann Pancake, Esq. and Jeffrey B. Brannon, Esq.

1

Norflex and Toradol and told to follow up with her primary care provider. A work excuse was provided through March 4, 2016.

On March 4, 2016, Ms. Sprouse went to MedExpress and saw Michael Beane, M.D., as advised by her employer for workers' compensation purposes. Dr. Beane completed her WC-1 form, though Ms. Sprouse now contends that he was not her "treating physician" for her claim. Dr. Beane prescribed Skelaxin and naproxen and instructed Ms. Sprouse to return in one week for reevaluation. He also placed her on modified work duty with restrictions to limit lifting to less than five pounds.

On March 8, 2016, Ms. Sprouse's workers' compensation claim was held compensable for contusions of the right shoulder, face, and neck, and right shoulder sprain. On that same day, she presented to her chiropractor with complaint of neck and shoulder pain and was diagnosed with radiculopathy of the cervicothoracic region, sprain of the ligaments of the cervical spine, and sprain of ligaments of the thoracic spine.

Ms. Sprouse returned to her chiropractor on March 11, 2016, and complained of severe low back pain radiating down her right leg into her foot, numbness, and difficulty walking. Putting weight on her right leg caused pain shooting into her neck. A TENS unit was suggested for at-home use after work.

By mid-April 2016, Ms. Sprouse was noticing some improvement in her low and mid-back pain. Her right leg pain had decreased, and she noticed less of an antalgic gait. However, her right leg complaints returned and there was not much improvement in her cervical spine. An MRI was ordered and taken in mid-May that found congenital narrowing from C5-C7 which did not cause cord compression or deformity. Her chiropractor referred her to a neurologist, but that referral was denied by the claim administrator secondary to the MRI report that it was related to a congenital condition.

On September 6, 2018, Prasadarao Mukkamala, M.D., conducted an independent medical evaluation ("IME") and opined that there was a causal relationship between the February 28, 2016, incident and Ms. Sprouse's continued symptoms, and that she had not yet reached maximum medical improvement. Dr. Mukkamala recommended that Ms. Sprouse participate in physical therapy three times per week for six weeks to improve flexibility and decrease pain associated with her neck.

Ms. Sprouse attended physical therapy from October 25, 2018, to May 4, 2019, and said she found it difficult to perform many tasks because of persistent neck pain after her workplace injury. She had increased right hand numbness and tingling while performing exercises and frequent complaints of increasing pain with the majority of tasks. Treatment notes indicate she attended physical therapy very intermittently, and she had only modest increases in cervical range of motion during her period of treatment. She was discharged with instructions to continue her home exercise program.

On March 2, 2021, Ms. Sprouse saw Roshan Hussain, M.D., for a one-time consultation. She reported that her right shoulder and neck pain were affecting her work, even after completing physical therapy as recommended by Dr. Mukkamala. She complained of difficulty raising her right arm above her head, right arm pain, right arm/hand numbness, and neck pain. Dr. Hussain noted that he was not willing to be the provider of record for workers' compensation purposes but would make recommendations for her care. He assessed cervical muscle spasm, tendinitis of the right rotator cuff, right shoulder joint pain, head/neck region pain, and right wrist carpal tunnel syndrome. Dr. Hussain prescribed cyclobenzaprine and naproxen and ordered an MRI of the cervical spine. He referred Ms. Sprouse to physical therapy and orthopedics for her right shoulder and to a neurologist for a possible EMG for her right hand. He also ordered a carpal tunnel splint and wrist brace for her right hand.

On March 16, 2021, the claim administrator issued an order denying the authorization for the carpal tunnel wrist brace/splint, the MRI of the cervical spine, the orthopedic referral, and physical therapy. Ms. Sprouse protested the denial.

David Soulsby, M.D., performed an IME of Ms. Sprouse and his report, dated March 31, 2021, noted that she had taken a job at DuPont working as an operator. Her job duties involved certain neck motion, lifting, and wearing a hard hat, all of which caused her continued neck pain. Ms. Sprouse also complained of right shoulder pain with activity. Dr. Soulsby found that Ms. Sprouse was at maximum medical improvement from her compensable injury and stated that no additional medical treatment was expected to significantly change her condition. With respect to her cervical spine, Dr. Soulsby stated that the MRI showed degenerative disc disease, an arthritic condition known to contribute to decreased range of motion. Dr. Soulsby observed that Dr. Mukkamala found tremendously better range of motion in Ms. Sprouse's right shoulder in 2018 than he found in 2021, and Dr. Soulsby concluded that it was not possible that her continued loss of range of motion could be explained by the occupational injury that occurred in 2016.

By order dated March 15, 2022, the OOJ affirmed the claim administrator's denial of the additional treatment and referrals on the basis that Dr. Hussain's requests for authorization for treatment were not valid because he was not Ms. Sprouse's treating physician. The OOJ's order did not address the medical merits of Dr. Hussain's requests but focused instead on the fact that Dr. Hussain stated that he would not be offering long-term care or treatment to Ms. Sprouse but was only able to provide a one-time consultation. Ms. Sprouse appealed the order and argued that even if he was not her treating physician, Dr. Hussain's consultation was approved in advance by the claim administrator.

The Board issued an order dated August 10, 2022, affirming the OOJ's decision, but did not adopt the discussion and conclusion of law regarding Dr. Hussain's status as a non-treating physician. Instead, the Board held that the evidence of record did not establish that the treatment requested by Dr. Hussain (i.e., the carpal tunnel wrist brace/splint, MRI

of the cervical spine, orthopedic referral, and physical therapy) is medically necessary and reasonably required in the course of treatment for the compensable injury (i.e., contusions of the right shoulder, face, and neck, and right shoulder sprain.) Ms. Sprouse appeals herein from that ruling.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1)    In violation of statutory provisions;
> (2)    In excess of the statutory authority or jurisdiction of the Board of Review;
> (3)    Made upon unlawful procedures;
> (4)    Affected by other error of law;
> (5)    Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6)    Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

In her appeal, Ms. Sprouse argues that she was not able to consistently access treatment for her compensable injury due to a "clerical error" that incorrectly listed Dr. Beane as her workers' compensation treating physician, that she also had trouble finding a physician who would agree to be her workers' compensation treating physician, and then that she had difficulty getting necessary treatments approved by the claim administrator when the treatments were requested by providers who were not her treating physician of record. She claims that she had great difficulty getting physical therapy approved, but once she was able to attend, it was very beneficial. When her physical therapist attempted to get approval for additional sessions, neither he nor Ms. Sprouse were ever able to reach the claim administrator. Ms. Sprouse claims that this impasse caused her to lose the progress she had made in physical therapy, and instead of recovering from her injury, she argues that she remained symptomatic and progressively worsened over time. Ms. Sprouse submits that even Dr. Mukkamala agreed that more than two years after her date of injury she had not reached maximum medical improvement and would benefit from additional treatment, recognizing that her course of recovery had not been within the expected range under the workers' compensation treatment guidelines. Given that recognition, she argues that it follows that her continued symptoms and complaints merit further treatment. And as such, when she explicitly sought and was granted authorization by the claim administrator

4

to see Dr. Hussain for a one-time consultation, especially in light of her difficulties in obtaining treatment, Ms. Sprouse argues that it was clearly wrong for the OOJ to deny Dr. Hussain's proposed treatment on the basis that he was not her treating physician of record.

The employer argues that Dr. Hussain requested treatments for conditions that are not compensable, including a wrist brace and splint for carpal tunnel syndrome, an MRI of the cervical spine for muscle spasm of the neck, an orthopedic referral for pain of the right shoulder joint, and physical therapy for tendinitis of the right rotator cuff. Ms. Sprouse has not sought to add new compensable conditions to her claim. Ms. Sprouse has also admitted that her job at DuPont for the last two years has led to more lifting, overhead reaching, and wearing a hard hat, all of which cause pain that should not be attributed to the compensable injury.

Upon review, we find no reversible error in the Board's decision to affirm the OOJ's order denying the treatment, subject to the Board's modifications of the findings of fact and conclusions of law regarding the physician, Dr. Hussain. The only compensable conditions in this claim are contusions of the right shoulder, face, and neck, and right shoulder sprain. Dr. Hussain requested a carpal tunnel wrist brace/splint, MRI of the cervical spine, an orthopedic referral, and physical therapy. As the medical evidence of record demonstrates, these treatments were suggested for conditions other than the compensable conditions in the claim. Accordingly, we must affirm.

Affirmed.


**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5